UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN LIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLTA MEDICAL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-05062-PJH<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. Nos. 8, 9, 27, 30 |

　　　　Defendants' motion to dismiss came on for hearing before this court on October 14, 2021. Plaintiff appeared through her counsel, Carter Zinn and Jeremy Pollack. Defendants appeared through their counsel, David Norden and Ryan Lewis. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion for the following reasons.

## BACKGROUND

　　　　Plaintiff, Hsin Lin, alleges that on January 22, 2019 she was injured by the Thermage CPT when she underwent a facial procedure in Taiwan that utilized the device.[1] Lewis Decl. (Dkt. 1-1) at 7.[2] On January 21, 2021, plaintiff filed a four-page

---

[1] Plaintiff's opposition states that the product at issue is the "Thermage CPT," not the "Thermage FLX" as is alleged in her complaint. Dkt. 26 at 7, n.1. Because defendants are aware that plaintiff misidentified the medical device in her complaint, the court will refer to the device at issue as "Thermage CPT," notwithstanding the complaint's reference to "Thermage FLX."

[2] For ease of reference, the court refers to the ECF PDF pagination unless specified otherwise.

1    checkbox, form complaint in the Alameda County Superior Court against Solta Medical,
2    Inc. ("Solta") and Bausch Health Americas, Inc. ("BHA") (collectively, "defendants"), the
3    alleged manufacturers of the Thermage CPT medical device. Id. at 4–7. Plaintiff asserts
4    claims against defendants for strict liability, negligence, and breach of implied and
5    express warranties. Id. at 5–6. With respect to her injury, plaintiff states only that she
6    was injured by the Thermage CPT. Id. at 7. Through her checkboxes, plaintiff identifies
7    BHA and Solta as the designers and manufacturers of the Thermage CPT and alleges
8    that defendants are "out-of-state corporations who have failed to designate a principal
9    place of business in California, and thus may be sued in any county." Id. at 5, 7, ¶¶ 8,
10   Prod. L-4. Plaintiff makes no mention of corporate citizenship, defendants' contacts with
11   any state, or how her injury relates to defendants' contacts with a particular state.
12         On May 21, 2021, plaintiff filed a case management statement with the Superior
13   Court in which she made the same statement about defendants being "out-of-state
14   corporations." Id. at 14. On June 30, 2021, defendants removed the case to federal
15   court pursuant to 28 U.S.C. § 1441(a). Dkt. 1. Defendants asserted there was complete
16   diversity, stating plaintiff was a citizen of California and Solta and BHA were citizens of
17   Delaware and New Jersey. Id. at 3–4.
18         Defendants now move to dismiss for lack of personal jurisdiction pursuant to
19   Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal
20   Rule of Civil Procedure 12(b)(6). On the matter of personal jurisdiction, defendants
21   assert the court's exercise of general personal jurisdiction is improper because their
22   principal place of business is in Bridgewater, New Jersey, and they are incorporated in
23   Delaware. Defendants further assert the court's exercise of specific personal jurisdiction
24   is improper because defendants have not purposefully availed themselves of the
25   privileges of conducting business in California. In support of their motion, defendants
26   submit records from the California Secretary of State and declarations from two
27   executives from defendants' parent corporation. Defendants' records with the California
28   Secretary of State report that Solta and BHA are incorporated in Delaware and have their

2

1  headquarters in Bridgewater, New Jersey.  Dkt. 9-1 at 9–31.  A declaration from Scott
2  Hirsch—President, Ortho Dermatologics and OraPharma & Chief Strategy Officer of
3  Bausch Health Companies Inc. ("BHCI"), the parent company of Solta and BHA—states
4  (1) Solta's Principal Executive Office is located in Bridgewater, New Jersey; (2) Solta's
5  corporate officers and directors maintain their offices in Bridgewater, New Jersey; (3)
6  Solta's business activities are directed from Bridgewater, New Jersey; (4) Solta's Board
7  of Directors are located in Bridgewater, New Jersey; (5) Solta's headquarters used to be
8  in Hayward, California but its headquarters moved to Bridgewater, New Jersey after
9  BHCI acquired Solta in 2014; (6) Solta has an office in Pleasanton, California that serves
10 predominantly as Solta's telephone customer service center; and (7) no Solta leadership
11 officers or directors work in California.  Dkt. 28-1.  A declaration from Jeremy Lipshy—
12 Senior Vice President, Tax, of BCHI—states (1) BHA is incorporated in Delaware with its
13 principal place of business in Bridgewater, New Jersey; (2) all BHA corporate officers and
14 directors maintain their offices in Bridgewater, New Jersey; (3) BHA's direction, control,
15 and coordination comes from the Bridgewater, New Jersey office; and (4) no BHA
16 corporate officers or directors are located in California.  Dkt. 28-2.

17  Plaintiff, in turn, opposes defendants' 12(b)(2) motion to dismiss, and seeks
18 jurisdictional discovery or an evidentiary hearing if she cannot prove personal jurisdiction
19 exists.  Plaintiff also opposes defendants' 12(b)(6) motion to dismiss, but she requests
20 leave from the court to amend her complaint if her complaint fails to meet pleading
21 standards.  Plaintiff also suggests that the court should *sua sponte* assess its own
22 subject matter jurisdiction in this matter, asserting that the defendants are citizens of
23 California like herself.  Along with her opposition, plaintiff submits exhibits, many
24 inadmissible, that purportedly support the position that defendants have significant
25 business ties in California and that defendants are citizens of a state other than New
26 Jersey.  For instance, two filings with the Food and Drug Administration ("FDA") from
27 2013 state that Solta was based in Hayward, California.  Dkt. 27 at 21–30.  Plaintiff also
28 makes bare allegations in her opposition regarding defendants' business operations,

3

such as defendants "conducted extensive business activities in California, by designing, manufacturing, marketing, distributing and servicing the Thermage CPT devices in California." Dkt. 26 at 21.

## DISCUSSION

**A.   Legal Standard**

    **1.   Federal Rule of Civil Procedure 12(b)(2)**

Under the Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. The party seeking to invoke a federal court's jurisdiction bears the burden of demonstrating jurisdiction. See Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015). Where the defendant's motion is based on a written record and no evidentiary hearing is held, the "plaintiff need only make a prima facie showing of jurisdictional facts." Id. (internal quotation marks omitted). That is, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks omitted).

A prima facie showing is not a "toothless" standard. In re Boon Glob. Ltd., 923 F.3d 643, 650 (9th Cir. 2019). The "party asserting jurisdiction cannot simply rest on the bare allegations of its complaint; however, uncontroverted allegations in the complaint must be taken as true." Id. (internal quotation marks omitted). And "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id. (internal quotation marks omitted). But the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks omitted).

Federal courts "ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014); see Fed. R. Civ. P. 4(k)(1)(a). California's long arm statute permits exercise of personal jurisdiction to the fullest extent permissible under the U.S. Constitution, therefore, the court's inquiry "centers on whether exercising jurisdiction comports with due process."

Picot, 780 F.3d at 1211; see Cal. Code Civ. P. § 410.10.

The Due Process Clause of the Fourteenth Amendment "limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction." Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014). Due process requires that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Those "contacts may be so continuous and systematic as to render a defendant essentially at home in the forum state and amenable to any suit there." Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1106 (9th Cir. 2020). "Alternatively, a court may exercise jurisdiction over issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal quotation marks omitted). The Supreme Court has referred to these "different bases for personal jurisdiction as 'general' and 'specific' jurisdiction." Id. at 1106–07.

**2.      Federal Rule of Civil Procedure 12(b)(6)**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (internal quotation marks omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003). A complaint generally must satisfy the pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When reviewing a 12(b)(6) motion, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). However, a court need not accept legally conclusory statements that are

1  not supported by actual factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678–79
2  (2009).  The allegations in the complaint "must be enough to raise a right to relief above
3  the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
4  quotation marks and citations omitted).  A "claim has facial plausibility when the plaintiff
5  pleads factual content that allows the court to draw the reasonable inference that the
6  defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In the event
7  dismissal is warranted, it is generally without prejudice, unless it is clear the complaint
8  cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th
9  Cir. 2005).

**B.  Analysis**

  **1.  Motion to Dismiss for Lack of Personal Jurisdiction**

   **a.  General Jurisdiction**

General jurisdiction "requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State."  Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015) (internal quotation marks omitted).  The "paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business."  Id.  Only in an "exceptional case will general jurisdiction be available anywhere else."  Id. (internal quotation marks omitted).  To determine whether a nonresident's contacts are sufficiently substantial, continuous, and systematic, a court considers "their longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets."  Mavrix, 647 F.3d at 1224 (internal quotation marks and alterations omitted).

Plaintiff's pleadings make no mention of defendants' systematic or continuous contacts with any state.  The only allegations in her complaint regarding defendants' ties to California are that defendants are "out-of-state corporations who have failed to designate a principal place of business," and that, if defendants "d[id] have a main place of business in C[alifornia] with respect to Thermage, it would be Hayward, C[alifornia]."

Dkt. 1-1 at 5. In other words, plaintiff does not allege defendants' principal place of business is in California, only that *if* they had principal place of business in California, it would be in Hayward. And she does not allege that defendants' principal corporate place of business is based in California, rather she alleges only that the principal place of business relative to the Thermage CPT device is in California.[3]

In her briefing, plaintiff makes a broad assertion that the "public record" suggests that defendants are "at home" in California. But the court may not assume the truth of bare assertions that are "contradicted by affidavit." Mavrix, 647 F.3d at 1223 (internal quotation marks omitted). Defendants have submitted two declarations and filings from the California Secretary of State stating that the corporations are incorporated in Delaware and have their principal place of business in New Jersey. Declarants also state that the extent of their business operations in California is a customer service center in Pleasanton, California. Plaintiff, on the other hand, supports her position with a form complaint, articles from third-party websites, and bare assertions in her brief.

Plaintiff's attorney did assert at the hearing that, on "information and belief," Thermage CPT is designed, manufactured, and marketed in California. But plaintiff did not submit an affidavit stating as much, which does not obligate the court to find in favor of plaintiff because defendants have submitted declarations supporting the contrary position. See In re Boon Glob. Ltd., 923 F.3d at 650 (finding "[c]onflicts between parties over statements *contained in affidavits* must be resolved in the plaintiff's favor") (internal quotation marks omitted) (emphasis added).

With respect to BHA, plaintiff tries to establish personal jurisdiction through an agency theory. Plaintiff asserts that Solta is BHA's agent and therefore the court can

---

[3] At the hearing, plaintiff's counsel suggested that the court should look to defendants' operations with respect to the Thermage CPT when assessing jurisdiction, not defendants' overall business operations. But the law on general jurisdiction stresses that a court must look to a defendant's overall business operations, not a segment of its operations. Ranza, 793 F.3d at 1070 (stating "the general jurisdiction inquiry examines a corporation's activities worldwide—not just the extent of its contacts in the forum state—to determine where it can be rightly considered at home").

impute Solta's contacts with California to BHA.  The Ninth Circuit states that under "any standard for finding an agency relationship, the parent company must have the right to substantially control its subsidiary's activities."  Williams v. Yamaha Motor Co., 851 F.3d 1015, 1024–25 (9th Cir. 2017).  Plaintiff contends that Solta is BHA's agent without proffering any evidence about control and does not establish an agency relationship by just stating that there is one.  See Dkt. 26 at 19.  Notwithstanding, plaintiff fails to establish that Solta has continuous and systematic contacts with California to impute to BHA.  She has thus failed to establish general personal jurisdiction.

### b. Specific Jurisdiction

In order for a court to exercise specific jurisdiction, a "suit must arise out of or relate to the defendant's contacts with the forum."  Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017) (internal quotation marks and alterations omitted).  The "primary focus of [a] personal jurisdiction inquiry is the defendant's relationship to the forum State."  Id. at 1779.  The Ninth Circuit's three-part test for specific jurisdiction is as follows: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities;" and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  The "plaintiff bears the burden on the first two prongs, but once both are established, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable."  Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 979 (9th Cir. 2021) (internal quotation marks omitted).

The first prong of specific jurisdiction is satisfied by a showing of a defendant's "purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof."  Yahoo! Inc. v. La

8

Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006). The form of a court's "jurisdictional inquiry depends on the nature of the claim at issue." Picot, 780 F.3d at 1212. For contract claims, a court generally applies "a purposeful availment analysis and ask[s] whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. (internal quotation marks and alterations omitted). For a court to find purposeful availment, a "defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal quotation marks omitted). For torts claims, a court applies a "purposeful direction test and look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." Picot, 780 F.3d at 1212 (internal quotation marks omitted). The purposeful direction test, or the "effects test," requires that the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Mavrix, 647 F.3d at 1228 (internal quotation marks omitted).

On the second prong, specific jurisdiction "demands that the suit 'arise out of *or relate to* the defendant's contacts with the forum.'" Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1026 (2021). Courts previously understood this prong as being a strict causation inquiry; that is, the plaintiff had to show that the defendant's contacts with the state caused his or her injury. But the Supreme Court recently explained that the first "half of the standard asks about causation, but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." Id.; see Ayla, 11 F.4th at 983 n.5 (noting the "Supreme Court emphasized that a strict causal relationship is not required"). Thus, specific jurisdiction can be satisfied with a causal showing or "another 'activity or occurrence' involving the defendant that takes place in the State." Ford, 141 S. Ct. at 1026 (internal alteration omitted).

For the third prong, reasonableness is measured by "(1) the extent of the

defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1079 (9th Cir. 2011) (internal quotation marks omitted).

Plaintiff asserts both contract and tort claims against defendants, and thus must show both purposeful availment and purposeful direction. Plaintiff does not attempt to argue or show purposeful direction at all. With respect to purposeful availment, plaintiff asserts that Solta has continued business activities in California "including, at the very least, customer and product support." Dkt. 26 at 18. Defendants do not dispute that Solta has a customer service center in Pleasanton, California. But even if a single customer service center constitutes purposeful availment, plaintiff cannot show her injury arose from defendants' contacts with California. Plaintiff was injured in Taiwan, not in California. She had no contact with defendants' Pleasanton, California call center. Plaintiff presents no evidence that Thermage CPT was actually designed, manufactured, or marketed in California, other than the conclusory statement in her brief. Based on the evidentiary record before the court, plaintiff has not established specific personal jurisdiction.

### c. Jurisdictional Discovery

Jurisdictional discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto, 539 F.3d at 1020 (internal quotation marks omitted). A court may deny a request for jurisdictional discovery if "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants," Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks omitted), or "it is clear that further

10

discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks omitted). Put another way, discovery is only worthwhile if there is some chance that the plaintiff can change the outcome. Id. (reversing denial of discovery because discovery "would create a reasonable probability that the outcome of the factual motion to dismiss would be different") (internal quotation marks omitted).

The court is uncertain whether jurisdictional discovery will necessarily change the outcome of its specific jurisdiction analysis. Nor is it clear that discovery would not demonstrate facts sufficient to establish specific jurisdiction. It is undisputed that Solta's principal place of business used to be in Hayward, California and that Solta has ongoing operations in Pleasanton, California. The burden for jurisdictional discovery is not particularly high and the court determines that plaintiff should be able to discover the extent of defendants' operations in California, including the design and manufacture of the Thermage CPT device. Accordingly, the court GRANTS plaintiff's request for limited jurisdictional discovery (Dkt. 26 at 24–25).

Plaintiff is limited to discovery that is related to specific jurisdiction only, the elements for which are clearly stated in this order. Plaintiff may make one request for production of documents and may propound no more than 10 interrogatories. The court will not revisit its finding with respect to general jurisdiction. Discovery must be completed by January 21, 2022. Thereafter, plaintiff may file a supplemental opposition to defendants' motion to dismiss by February 4, 2022, and defendants may file a supplemental reply by February 18, 2022. Neither brief shall exceed 10 pages. The court will reconsider its finding in this order regarding specific jurisdiction following review of the supplemental briefs and advise the parties in writing of its redetermination, if any. Plaintiff's request for an evidentiary hearing (Dkt. 26 at 27) is DENIED.

**2.      Motion to Dismiss for Failure to State a Claim**

Defendants move to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's four-page form complaint only states:

11

(1) the name of the parties; (2) the four claims asserted against the defendants, without any supporting allegations; and (3) the incorrect name of the product that allegedly caused plaintiff's injury. Dkt. 1-1 at 4–7. Plaintiff's allegations fail to satisfy basic pleading standards as set out in Federal Rule of Civil Procedure 8 because they do not articulate a cognizable legal theory. Indeed, plaintiff fails to describe the circumstances that led to her injury or the extent of her injury and fails to accurately describe the product that caused her injury in this products liability suit. Accordingly, defendants' motion to dismiss on this alternative ground is GRANTED.

Plaintiff requests leave to amend her complaint, as she filed her original complaint pro per. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). Additionally, this court generally requires amended complaints when removed cases are originated in state court and are unaccompanied by a verified narrative complaint. Plaintiff's request to amend her complaint is, therefore, GRANTED.

The amended complaint shall be filed by December 20, 2021. Given that complaints are to be based on a party's pre-filing inquiry and not on facts uncovered during the discovery process, defendants need not respond to any request for jurisdictional discovery until after the amended complaint is filed. The court is mindful that defendants may want to respond to the amended complaint by another motion to dismiss. In that eventuality, the parties may request a further case management conference to discuss an alternative schedule than that set out in this order.

### 3. Subject Matter Jurisdiction

Even if parties do not dispute jurisdiction, a court "has an independent obligation to assess [] jurisdiction." Herklotz v. Parkinson, 848 F.3d 894, 897 (9th Cir. 2017). Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. Diversity removal requires "complete

diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business," or its "nerve center, is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010).  The "nerve center" is not simply an office in which the corporation conducts business; the nerve center is the "place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."  Id. at 93.  Indeed, a "corporation's principal place of business is generally its headquarters, where the top officers are located."  Starr Indem. & Liab. Co. v. Rolls-Royce Corp., 725 F. App'x 592, 593 (9th Cir. 2018).  When proving a corporation's nerve center, a party cannot rely on a defendant's own public filings alone because "[s]uch possibilities would readily permit jurisdictional manipulation."  Hertz, 559 U.S. at 97.

Plaintiff asserts that defendants are citizens of California like herself and suggests the court does not have subject matter jurisdiction.  Nonetheless, plaintiff did not file a motion to remand and her counsel admitted at the hearing that there was an insufficient basis upon which to base such a motion.  Defendants, on the other hand, provide a series of public filings from the California Secretary of State in which BHA and Solta listed their addresses as being in Bridgewater, New Jersey.  Dkt. 9-1 at 9–31.  While this information is not sufficient on its own per Hertz, defendants do provide further support for diversity jurisdiction in the form of declarations.  Notably, Scott Hirsch, division president of Solta's parent company, corroborates the public filings and declares that (1) Solta's Principal Executive Office is located in Bridgewater, New Jersey; (2) Solta's corporate officers and directors maintain their offices in New Jersey; (3) Solta's business activities are directed from New Jersey; and (4) Solta's Board of Directors are located in

Bridgewater, New Jersey. Dkt. 28-1. Likewise, Jeremey Lipshy, division vice president of BHA's parent company, declares that (1) BHA is incorporated in Delaware with its principal place of business in Bridgewater, New Jersey; (2) all BHA corporate officers and directors maintain their offices in Bridgewater, New Jersey; and (3) BHA's direction, control, and coordination comes from the Bridgewater, New Jersey office. Dkt. 28-2. Considering defendants' materials and the lack of contradictory evidence, the court is satisfied with its exercise of subject matter jurisdiction.

### 4.     Other Motions

#### a.     Defendants' Request for Judicial Notice

A court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record may also be judicially noticed, although disputed facts contained in those records may not. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). And a court may judicially notice court documents that are already in the public record or have been filed in other courts. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).

Defendants seek judicial notice of a case management statement filed with the Superior Court of Alameda County, multiple filings with the California Secretary of State, and a premarket notification from the FDA for a Thermage product. Dkt. 9. The court GRANTS judicial notice for the case management statement from the Superior Court, as the court is permitted to take notice of public filings from other courts. The court also GRANTS judicial notice of the filings with the California Secretary of State, as they are public filings that cannot be reasonably questioned. See Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ., 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (taking judicial notice of public filings from the California Secretary of State). And the court GRANTS judicial notice of the FDA premarket notification, as it is a public filing that may not be reasonably questioned. See, e.g., Eidmann v. Walgreen Co., 522 F. Supp. 3d 634, 642

14

1  (N.D. Cal. 2021) ("Documents published on government-run websites are proper for
2  judicial notice given their reliability"); Wilson v. Frito-Lay N. Am., Inc., 260 F. Supp. 3d
3  1202, 1207 (N.D. Cal. 2017) ("Courts routinely take judicial notice of similar FDA
4  guidance documents, many of which also appear on the FDA's public website").

### b. Plaintiff's Request for Judicial Notice

A court may consider factual information from Internet websites, as long as the facts are not subject to reasonable dispute. See Brown v. Google LLC, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of multiple Google webpages). But a court may take judicial notice of a website where the facts are subject to reasonable dispute if the court does not assume the information on the website is truthful. See United States ex rel. Hong v. Newport Sensors, Inc., 728 Fed. App'x 660, 661 (9th Cir. 2018) (finding no abuse of discretion where district court judicially noticed websites "'not for the truth of the information' contained within them, but 'merely to show that [the] information was publicly available'").

Plaintiff seeks judicial notice of several webpages from third-party websites that allegedly support the proposition that defendants have business activities in California and that defendants are citizens of a state other than New Jersey. Dkt. 27. The information from these websites are disputed by the defendants, and the third-party websites, unlike government-run websites, do not have built-in reliability. Accordingly, the court DENIES plaintiff's request for judicial notice with respect to exhibits 2, 3, 4, 8, 9, and 10. The court GRANTS judicial notice of exhibit 1, however, because the information comes directly from Solta's own website. The court also GRANTS plaintiff's request for judicial notice with respect to exhibits 5, 6, and 7. These exhibits are properly subject to judicial notice as public records because exhibits 5 and 6 are FDA filings and exhibit 7 is a filing with the U.S. Security and Exchange Commission.

### c. Objection, Request to Strike, and Request to File a Sur-Reply

Plaintiff objects to defendants' reply brief because defendants attached declarations that she asserts contain "improper new evidence" about defendants'

1  citizenship. Dkt. 30 at 2. Plaintiff requests the court to strike the declarations. Id. In the
2  alternative, she requests the opportunity to depose the declarants and/or file a sur-reply.
3  Id.

4  "Where new evidence is presented in a reply to a motion . . . the district court
5  should not consider the new evidence without giving the movant an opportunity to
6  respond." Glass v. Asic N., Inc., 848 F. App'x 255, 257 (9th Cir. 2021) (internal quotation
7  marks omitted). But a court need not provide a movant an opportunity to respond where
8  the evidence relates to an issue brought up in a party's opposition. See, e.g., Hodges v.
9  Hertz Corp., 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (permitting evidence submitted
10 with a reply brief because the evidence responded to plaintiff's opposition); Banga v. First
11 USA, NA, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying a request to file a sur-
12 reply, reasoning there were no new arguments or evidence raised in the reply).
13 Although plaintiff did not file a motion to remand, she did raise the issue of subject
14 matter jurisdiction in her opposition. Defendants bear the burden of showing subject
15 matter jurisdiction exists, and the court has an independent obligation to assess its
16 jurisdiction when it is questioned. As such, plaintiff effectively invited defendants to
17 respond to her subject matter jurisdiction challenge in their reply brief. Moreover, plaintiff
18 received, and cited to, the Hirsch declaration prior to filing her opposition. Accordingly,
19 the court DENIES plaintiff's motion to strike, request to depose defendants' declarants,
20 and request to file a sur-reply.

21 **IT IS SO ORDERED.**

22 Dated: December 6, 2021

23                                          */s/ Phyllis J. Hamilton*
                                            PHYLLIS J. HAMILTON
24                                          United States District Judge