UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN LIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLTA MEDICAL, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-05062-PJH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 77 |

Before the court is a joint discovery letter brief summarizing certain discovery disputes between the parties. Having read the parties' submission and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

**A.     Procedural History**

This is a products liability action filed by California resident Hsin Lin against an out-of-state corporation Solta Medical, Inc. ("Solta"). Dkt. 70 ¶¶ 1–2. The original complaint included a since-dismissed co-defendant, Bausch Health Americas, Inc. ("BHA"). Plaintiff alleges that she suffered injuries as a result of a skin treatment she received in Taiwan that utilized a Thermage CPT device manufactured by defendant. Id. ¶¶ 27–32. On January 23, 2019, plaintiff allegedly received her treatment and suffered severe second-degree burns as a result. Id.

On December 20, 2021, plaintiff filed her first amended complaint ("FAC"). Dkt. 36. Plaintiff asserted three products liability causes of action: (1) defective design,

(2) manufacturing defect, and (3) failure to warn.  Id. at 8–15.  Plaintiff also asserted causes of action for (4) negligence, (5) breach of express warranty, and (6) breach of implied warranty.  Id. at 16–20.

On February 2, 2022, defendants moved to dismiss plaintiff's FAC for lack of personal jurisdiction.  Dkt. 41.  On June 21, 2022, the court denied the motion with respect to Solta and granted it with respect to co-defendant BHA.  Dkt. 56.  On June 28, 2023, plaintiff filed a second amended complaint stating the same causes of action.  Dkt. 70 ("SAC").

On November 27, 2023, the parties filed the instant discovery letter brief.  Dkt. 77.

**B.    The Discovery Letter Brief**

On November 2, 2022, plaintiff served Solta with her Second Set of Discovery Requests, including both interrogatories and requests for production of documents. The RFPs cover the nature and extent of Solta's prior knowledge of the potential of the Thermage CPT and similar predecessor models of the device to cause burn injuries.  The main area of dispute presented in the letter brief concerns the discoverability of records related to previous versions of the device.  Discovery is ongoing, and the parties continue to produce materials and meet and confer.

The two disputed discovery requests presented in the letter brief are:

**RFP 14**: "all complaint files YOU initiated, investigated or maintained pursuant to 21 CFR 820.198(a) which mentioned, discussed, or referenced any THERMAGE DEVICE."

**RFP 41:** "all COMMUNICATIONS… discussing or referencing the potential of any THERMAGE DEVICE to cause burns, blisters, rashes or scars."

**DISCUSSION**

**A.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

2

case." "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

**B.    Analysis**

The parties present three disputes in their joint letter: (1) whether plaintiff should be permitted to circumvent the discovery letter process and instead file a motion to compel in the first instance, to be heard before a magistrate judge or special discovery master; (2) whether in response to RFP 14 Solta must produce materials about earlier versions of the device and publicly-available information, and whether it can withhold documents that contain private patient information; and (3) whether in response to RFP 41 Solta must produce materials about earlier versions of the device.

**1.    The parties must comply with this court's standing orders**

Plaintiff first argues that the "areas of dispute are too numerous and complex to sufficiently describe in this brief letter", and she should therefore be permitted to circumvent this court's requirement that parties present discovery disputes initially through a joint letter. Dkt. 77. This court's Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders requires that parties presenting a discovery dispute to the court must first do so in a joint letter that "include[s] a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and its respective proposed resolution on each issue." The parties must comply with that standing order, and the letter brief is a prerequisite to filing a discovery motion. Motions will be entertained only if needed to resolve discovery issues, and the present dispute as described does not require a motion to compel to resolve. Moreover, this court no longer refers discovery disputes to magistrate judges.

### 2.     RFP 14

In RFP 14, plaintiff seeks "all complaint files YOU initiated, investigated or maintained pursuant to 21 CFR 820.198(a) which mentioned, discussed, or referenced any THERMAGE DEVICE." Plaintiff argues these records are relevant to what Solta knew about the propensity of Thermage devices to cause burn injuries, and what steps, if any, Solta took in response. Solta has refused to produce any complaint files other than those specifically associated with plaintiff's incident, despite plaintiff's agreement that defendant may produce the files subject to a protective order and may redact from the files any names or other personal identifiable information of patients.

Defendant first argues that the request is overbroad because it imposes no limitations, meaning it seeks any complaint file for any type of issue with any earlier generation Thermage device in use since 2002. Plaintiff had at one time limited the request to the Thermage CPT (the version of the device at issue in the case). Second, defendant argues that some of the requested materials are publicly available, and third that some materials contain irrelevant and private patient information. Fourth, defendant argues it is producing materials responsive to this request in response to other requests.

First, the court agrees with defendant that the discovery requests should be limited to materials concerning the model or generation of device at issue in the complaint—not any device with the Thermage name on it. Second, publicly available information need not be produced but should be identified as publicly available along with information identifying the source where the information can be found. Third, with respect to the protected patient information, defendant must produce the underlying materials but should redact protected patient information. Fourth, defendant's production of materials in response to other requests does not obviate the need to respond to this request, although neither is defendant required to produce materials in multiple copies. Where duplicative information is requested, defendant should identify the location of previous responses that contain the responsive materials.

### 3.     RFP 41

RFP 41 requests "all COMMUNICATIONS… discussing or referencing the potential of any THERMAGE DEVICE to cause burns, blisters, rashes or scars." Plaintiff argues that these internal communications are relevant to her claims that Solta knew about the alleged defects with its Thermage devices but failed to take appropriate steps to protect patient safety. The parties represent that they have been discussing a trial search of relevant ESI limited to certain terms, individuals, and years, but that they are unable to agree on appropriate search parameters. Specifically, the parties disagree whether the search should be limited to the model or generation of device at issue in the complaint, or whether it should encompass any device with the Thermage name on it. As described above, the search should be limited to the model or generation of device at issue in the complaint, and need not include other products sold by Solta. The parties should continue to meet and confer regarding reasonable search terms given that direction.

**IT IS SO ORDERED.**

Dated: December 4, 2023

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge