United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSIN LIN,

               Plaintiff,

    v.

SOLTA MEDICAL, INC.,

               Defendant.

Case No.  21-cv-05062-PJH

**DISCOVERY ORDER**

Re: Dkt. No. 79

Before the court is plaintiff's administrative motion to allow new written discovery. Dkt. 79.  Defendant has filed an opposition to the motion.  Dkt. 82.  Having read the parties' submissions and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This is a products liability action filed by California resident Hsin Lin against an out-of-state corporation Solta Medical, Inc. ("Solta").  Dkt. 70 ¶¶ 1–2.  The original complaint included a since-dismissed co-defendant, Bausch Health Americas, Inc. ("BHA").  Plaintiff alleges that she suffered injuries as a result of a skin treatment she received in Taiwan that utilized a Thermage CPT device manufactured by defendant.  Id. ¶¶ 27–32.  On January 23, 2019, plaintiff allegedly received her treatment and suffered severe second-degree burns as a result.  Id.

On December 20, 2021, plaintiff filed her first amended complaint.  Dkt. 36. Plaintiff asserted three products liability causes of action: (1) defective design, (2) manufacturing defect, and (3) failure to warn.  Id. at 8–15.  Plaintiff also asserted

1   causes of action for (4) negligence, (5) breach of express warranty, and (6) breach of

2   implied warranty.  Id. at 16–20.

3       On February 2, 2022, defendants moved to dismiss plaintiff's amended complaint

4   for lack of personal jurisdiction.  Dkt. 41.  On June 21, 2022, the court denied the motion

5   with respect to Solta and granted it with respect to co-defendant BHA.  Dkt. 56.  On

6   June 28, 2023, plaintiff filed a second amended complaint stating the same causes of

7   action.  Dkt. 70.

8       Plaintiff propounded certain discovery requests on November 2, 2022, to which

9   defendant is still responding.  During the course of still-ongoing discovery, the court has

10  twice extended the discovery deadline pursuant to stipulation by the parties.  In

11  March 2023 the court extended the fact discovery deadline to September 1, 2023

12  (Dkt. 65), and in July 2023 the court again extended the fact discovery deadline to

13  December 1, 2023 (Dkt. 73).

14      As defendant was in the process of producing documents, plaintiff served

15  Rule 30(b)(6) deposition notices with corresponding document requests.  Yet, before

16  scheduling those depositions, she took the position that she could not proceed with any

17  depositions until all documents responsive to plaintiff's outstanding discovery requests

18  were produced in full.

19      On November 27, 2023, the parties filed a discovery letter brief.  Dkt. 77.  The

20  RFPs at issue in that letter primarily covered the nature and extent of Solta's prior

21  knowledge of the potential of the Thermage CPT and similar predecessor models of the

22  device to cause burn injuries.  In ruling on the parties' joint discovery letter, the court held

23  that "the discovery requests should be limited to materials concerning the model or

24  generation of device at issue in the complaint—not any device with the Thermage name

25  on it."  Dkt. 80 at 4.  Accordingly, the court advised that "the search [of defendant's

26  internal communications] should be limited to the model or generation of device at issue

27  in the complaint, and need not include other products sold by Solta."  Id. at 5.

28      On December 1, 2023, the parties filed a joint stipulation to extend the discovery

United States District Court
Northern District of California

United States District Court
Northern District of California

cutoff and dispositive motions dates.  Dkt. 78.  The stipulation did not permit any party to issue new fact discovery requests; rather, it extended the deadline to conduct depositions and respond to already-issued discovery.  The court granted that stipulation on December 5, 2023.  Dkt. 81.

Also on December 1, 2023 (before the court ruled on the joint discovery letter), plaintiff filed the present administrative motion seeking to allow her to issue new written discovery requests.  Dkt. 79.  Defendant opposed the motion.  Dkt. 82.

The parties represent that defendant continues to produce documents and that the parties continue to meet and confer.  The parties expect defendant to continue producing documents responsive to already-issued written discovery, and they anticipate depositions to continue.

## DISCUSSION

### A.    Legal Standard

Rule 16 of the Federal Rules of Civil Procedure gives the court discretion to modify the discovery schedule for "good cause."  Fed. R. Civ. P. 16(b)(4).  When evaluating a request to amend the discovery schedule, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court should focus on "the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  Id. (citation omitted).

### B.    Analysis

Plaintiff seeks permission to propound new written discovery up to the date of the amended discovery cutoff pursuant to FRCP 16(b)(4)'s good cause standard.  She argues that, despite her position that she refuses to take any depositions until plaintiff produces all documents responsive to her initial discovery requests, she has diligently pursued discovery sufficient to amend the discovery schedule because, inter alia, defendant has been slow to produce responsive materials.  She also argues that given defendant's ongoing production, she should be permitted to review all materials

defendant produces before deciding whether to propound additional discovery requests.

Defendant argues that plaintiff has had ample time to propound additional discovery requests, including the time afforded by two previous extensions to the discovery schedule.  Moreover, plaintiff does not even specify what new discovery she would seek.

As an initial matter, the parties have stipulated to extend the close of fact discovery for already-issued discovery requests to February 26, 2024.  Dkt. 81.  As the schedule stands, defendant continues to produce documents responsive to already-issued requests for production, and plaintiff may continue to challenge the sufficiency of defendant's responses through negotiations with defendant, joint discovery letters to the court, and if necessary motions to compel.  The parties have identified certain outstanding disagreements concerning the scope of already-issued discovery, some of which the court has ruled on (see Discovery Order, Dkt. 80), and some of which the parties have referred to in their papers (e.g., whether the defined term "DOCUMENTS" encompasses e-mails).[1]  But these are the only potential disputes or gaps that plaintiff has presented to the court; she has given no indication of what types of materials or topics she hopes to learn about through new discovery requests that are not already covered by previously-propounded requests.

When evaluating a request to amend the discovery schedule, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  The court should focus on "the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  Id. (citation omitted).  Here, plaintiff has not demonstrated diligence because she has not exhausted

---

[1] Given the parties' representations to the court to date, it seems apparent that plaintiff's defined term "DOCUMENTS" encompasses emails.  Defendant has taken the position that plaintiff's requests seeking "DOCUMENTS" do not encompass e-mails.  Dkt. 82 at 4–5.  However, plaintiff has represented that her requests seeking "DOCUMENTS" use that defined term to encompass "correspondence, memoranda, notes . . . inter-office and intra-office communications, [and] emails".  Dkt. 77 at 4 n.5.  Given plaintiff's representations to the court, her requests seeking "DOCUMENTS" clearly require the production of responsive e-mails.

United States District Court
Northern District of California

the potential scope of her already-issued discovery requests.  Plaintiff has not identified what type of information she would seek with new discovery requests, or why her current requests do not cover those topics.  Plaintiff has not even attempted to show that defendant's allegedly-delayed discovery responses have revealed new categories of relevant information that she could not have pursued earlier.  Rather, plaintiff simply alleges that because defendant continues to produce documents, she might discover new relevant categories of information.  But speculating about what documents might reveal does not demonstrate diligence.  Moreover, plaintiff has actually delayed her pursuit of discovery by postponing her deposition schedule.

For the foregoing reasons, plaintiff's administration motion to modify the discovery schedule is DENIED.

**IT IS SO ORDERED.**

Dated:  December 19, 2023

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge