UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSIN LIN,

        Plaintiff,

        v.

SOLTA MEDICAL, INC.,

        Defendant.

Case No. 21-cv-05062-PJH

**DISCOVERY ORDER**

Re: Dkt. No. 84

        Before the court is a joint discovery letter brief summarizing certain discovery disputes between the parties. Having read the parties' submission and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

        Federal Rule of Civil Procedure 26(b)(1) provides a broad definition of relevance for purposes of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Id. The party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

        The parties present three disputed issues in their joint discovery letter related to

RFP 41: (1) whether the search should only return results that include "CPT", or whether there are better ways to limit the search to communications about that device; (2) whether the search should extend back to 2009 or 2014; and (3) whether defendant must disclose the employees whose emails will be searched.

 First, the court has previously ordered that "the discovery requests should be limited to materials concerning the model or generation of device at issue in the complaint—not any device with the Thermage name on it." Dkt. 80 at 4. The parties dispute how best to accomplish this goal using search terms. The court agrees that "CPT" or another unique product identifier (e.g., a model number) must also be included somewhere in the document for it to return as a search result. The court notes that the parties should consider enabling email threading technology, which produces all emails in a chain when one of the emails is returned in the search, to ensure that related emails are produced when one addresses the CPT device.

 Second, the parties dispute whether the search should extend back to when the product was first put onto the market in 2009, or whether it should extend back to 2014. On March 15, 2023, plaintiff sent defendant a letter regarding RFPs. Dkt. 82-1 at ECF p. 6. In it, plaintiff stated her willingness to agree to "narrow the request to include only communications made from January 1, 2015 to the present." Id. at ECF p. 14. Given plaintiff's earlier willingness to agree to an even narrower scope and the court's belief that a search to 2014 is sufficient and that searching back to 2009 would be excessive, the search should extend to cover 2014 to present, the range to which defendant now agrees.

 Third, defendant's portion of the joint discovery letter contained the list of employees whose emails will be searched, thereby mooting the issue raised by plaintiff.

**IT IS SO ORDERED.**

Dated: January 11, 2024

             /s/ Phyllis J. Hamilton
             PHYLLIS J. HAMILTON
             United States District Judge