UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HSIN LIN,
    Plaintiff,

  v.

SOLTA MEDICAL, INC.,
    Defendant.

Case No. 21-cv-05062-PJH

**DISCOVERY ORDER**

Re: Dkt. Nos. 86, 87

    Before the court are two joint discovery letter briefs summarizing certain discovery disputes between the parties. Having read the parties' submissions and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

    As an initial matter, the court notes that the parties filed two joint letter briefs on the same day, indicating that the disputes presented across those two filings were ripe on the same day. This court's standing orders require that parties to discovery disputes file a single joint discovery letter brief that "must include a description of every issue in dispute". That filing "may not exceed five pages." The parties attempted to circumvent those limitations here by filing two discovery letter briefs on the same day. Any future strategy designed to circumvent this court's filing requirements, including page limits, will not be indulged, and such filings will be stricken from the court's docket.

    Concerning the substance of the filings, the parties present four essential issues in dispute: (1) whether a deadline earlier than the close of discovery should be set for defendant to produce files related to its internal investigation; (2) issues concerning email

production; (3) whether document requests attached to deposition notices are timely; and (4) the extent of plaintiff's social media posts that must be produced.

First, all documents must be produced by the February 26, 2024 deadline. The court declines to grant plaintiff's request for an earlier deadline for certain materials.

Second, the parties dispute four points with respect to email production: (a) whether there will be a trial search and a full search as originally contemplated, or just one search; (b) whether to add custodians; (c) the appropriate time period of the search; and (d) search terms.

Given the upcoming discovery deadline, there is not sufficient time to conduct a trial search in advance of the final search for responsive electronic materials. As a result, it is reasonable to modify parameters that were originally planned and appropriate for a trial search. Accordingly, the four additional custodians plaintiff identifies are reasonable and should be added.

Regarding the time period of the search, the definition of "the present" can depend on context. In this instance, given that the parties can't agree on a reasonable discovery cutoff period and the fact that some time after the infliction of the alleged injury is reasonable given the nature of the claims, the date of filing of the original complaint in state court— January 22, 2021—is a reasonable cutoff.

The parties also dispute what search terms to use. Plaintiff asks that the court modify its earlier order so that either "Thermage" or "CPT" would need to be included in the document, along with another relevant search term. The court declines to modify its earlier order. The more generic term "Thermage" would expand discovery to numerous devices not at issue in the litigation, and accordingly "'CPT' or another unique product identifier (e.g., a model number) must also be included somewhere in the document [along with another relevant search term] for it to return as a search result." Dkt. 85 at 2. Plaintiff also proposes new search terms, such that documents with "CPT" in addition to several new terms would be produced. Plaintiff's proposal would almost certainly require the excessive production of irrelevant materials, especially considering the very general

1  nature of many of plaintiff's proposed terms.  The court adopts defendant's proposed
2  compromise:  "CPT" and any of the following terms without any modifiers—"burn, blister,
3  scar, anesthesia, HIFU or Ulthera" and "counterfeit" within 15 words of "Taiwan."
4      Third, the parties dispute whether document requests attached to deposition
5  notices are timely.  Document requests appended to deposition notices cannot be used
6  to circumvent the prior discovery order and its deadline.
7      Fourth, the parties dispute the extent to which plaintiff must produce her social
8  media posts.  It appears that there are two Instagram accounts at issue:  (1) her private
9  account, which is not viewable by plaintiff; and (2) her public account, @jenalinlin, shared
10 with another owner.  Defendant argues that plaintiff's damages are based on her being a
11 "social media influencer" in addition to her emotional injuries and that the content and
12 data related to her posts are relevant to both of those issues.  Plaintiff argues that she
13 has produced all posts "that either mention the incident or Plaintiff's injuries, or that depict
14 or discuss Plaintiff's injuries in any way", and she need produce no more.
15     The court agrees that plaintiff's posts are highly relevant to both of her theories of
16 damages.  In particular, plaintiff seeks damages for lost earning and earning capacity
17 caused by her injuries (Second Amend. Compl. ¶¶ 32, 149) related to her occupation as
18 a social media influencer.  See, e.g., Dkt. 77 at 2 ("Plaintiff claims lost wages in the
19 amount of $4 million as a result of cancelled contracts for work as a social media
20 influencer and marketing professional").  The court grants defendant's request, and
21 accordingly plaintiff must produce all responsive social media posts, including those on
22 her private Instagram account, in response to Solta's RFPs.  In addition, plaintiff must
23 supplement her responses to identify any omitted social media accounts, including the
24 @jenalinlin account if it is indeed partially hers.  The end date of plaintiff's social media
25 production should correspond to the period for which plaintiff seeks damages.
26 / / /
27 / / /
28 / / /

1   Plaintiff's request for leave to file full briefing on unspecified discovery issues is
2   DENIED.
3   **IT IS SO ORDERED.**
4   Dated:  February 15, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge