UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN LIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLTA MEDICAL, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-05062-PJH<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 88 |

　　　　　On February 9, 2024, plaintiff Hsin Lin filed an administrative motion to consider whether another party's materials should be sealed pursuant to Civil Local Rule 79-5(f). Dkt. 88.  That rule provides that when seeking to seal a document "because that document has been designated as confidential by another party . . . the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed."  Civ. L.R. 79-5(f). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" that must include, inter alia, "a specific statement of the applicable legal standard and the reasons for keeping a document under seal".  Civ. L.R. 79-5(c) & (f)(3).  "A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice".  Civ. L.R. 79-5(f)(3).

　　　　　Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to Civil Local Rule 79-5(f) on February 9, 2024. More than seven days have passed since the motion's filing, and defendant (the designating party) has not filed any responsive statement or declaration.  Accordingly,

1  defendant has not satisfied its burden to seal the identified materials, and plaintiff's

2  administrative motion is DENIED, and the material must be filed on the public docket.

3  **IT IS SO ORDERED.**

4  Dated: February 23, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge