UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN LIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLTA MEDICAL, INC.,<br><br>    Defendant. | Case No. 21-cv-05062-PJH<br><br>**ORDER GRANTING MOTION TO RETAIN CONFIDENTIALITY AND MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 94, 95, 98 |

Before the court is defendant Solta Medical, Inc.'s motion to Retain Confidentiality and the parties' motions to seal. See Dkts. 94, 95 & 98. The matter is fully briefed and suitable for decision without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions, for the following reasons.

**BACKGROUND**

In January of this year, Solta learned that two documents it produced in the instant litigation and marked "CONFIDENTIAL" under the terms of the governing protective order were provided to the Taipei District Court in a foreign litigation involving the plaintiff. Plaintiff's counsel in this action admitted to providing the documents to plaintiff's lawyer in the Taiwan action "to assist her in the ongoing case in Taipei District Court against Dr. Yang". See Declaration of Hyung Steele, Dkt. 95-1 ("Steele Decl."), Ex. C. The foreign litigation was brought by plaintiff and seeks compensation for the same cosmetic procedure underlying this action.

Plaintiff's counsel in Taiwan had asked counsel in this action whether he had any

evidence supporting the claim that the device used on plaintiff was a counterfeit. See Declaration of Jeremy Pollack, Dkt. 97-1 ("Pollack Decl.") ¶ 5. In response, counsel in this action sent Taiwanese counsel the two documents at issue in this motion, among others, to assist in that litigation. Id. ¶ 8.

In January 2024, the Taiwan Taipei District Court sent defendant a letter requesting information in connection with that case. Steele Decl. ¶¶ 7–9. In its letter, the Taipei District Court requested information about (and attached) the two documents at issue in this motion. Id. Solta had not received a request from plaintiff to permit disclosure of materials marked confidential under the protective order. Id. ¶ 10.

On February 1, 2024, Solta's counsel sent a letter to plaintiff's counsel regarding the unauthorized disclosure. Solta's letter requested that plaintiff's counsel immediately cease and desist the disclosure of any Solta Confidential documents or information in violation of the protective order, and to promptly disclose any and all other unauthorized disclosures. On February 6, 2024, plaintiff's counsel responded by questioning the confidentiality of the documents.

On February 10, 2024, Solta e-mailed plaintiff's counsel again to request an explanation for the unauthorized disclosure of the two confidential documents to the Taipei District Court and to confirm that no other Solta confidential documents had been provided to unauthorized individuals. On February 13, 2024, plaintiff's counsel responded, saying that although they had provided those documents to the Taipei court, they had not provided any other documents to anyone nor would they, and they would request that the documents be kept confidential in Taiwan. Id., Ex. C.

Plaintiff contends that Solta had designated every document it produced—more than 9,000 pages—as confidential. Pollack Decl. ¶ 11. In response, Solta issued a supplemental production of de-designated documents on February 9, 2024.

## DISCUSSION

**A.      Legal Standard**

"Generally, the public can gain access to litigation documents and information

2

1   produced during discovery unless the party opposing disclosure shows 'good cause' why
2   a protective order is necessary." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,
3   307 F.3d 1206, 1210 (9th Cir. 2002).  Under Federal Rules of Civil Procedure 26, "[t]he
4   court may, for good cause, issue an order to protect a party or person from annoyance,
5   embarrassment, oppression, or undue burden or expense" by "requiring that a trade
6   secret or other confidential research, development, or commercial information not be
7   revealed or be revealed only in a specified way".  Fed. R. Civ. P. 26(c)(1)(G).  "A party
8   asserting good cause bears the burden, for each particular document it seeks to protect,
9   of showing that specific prejudice or harm will result" if a protective order is lifted.  Foltz v.
10  State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

11  When the confidentiality of information under a protective order is challenged, the
12  court "must proceed in two steps.  First, it must determine whether particularized harm
13  will result from disclosure of information to the public. . . .  Second, if the court concludes
14  that such harm will result from disclosure of the discovery documents, then it must
15  proceed to balance the public and private interests to decide whether maintaining a
16  protective order is necessary." In re Roman Cath. Archbishop of Portland in Oregon, 661
17  F.3d 417, 424 (9th Cir. 2011) (internal quotation marks omitted).

18  The Ninth Circuit has directed courts doing this balancing to consider the following
19  factors:  "(1) whether disclosure will violate any privacy interests; (2) whether the
20  information is being sought for a legitimate purpose or for an improper purpose;
21  (3) whether disclosure of the information will cause a party embarrassment; (4) whether
22  confidentiality is being sought over information important to public health and safety;
23  (5) whether the sharing of information among litigants will promote fairness and
24  efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity
25  or official; and (7) whether the case involves issues important to the public." Id. at 424
26  n.5 (quoting Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

27  **B.   Analysis**

28  As an initial matter, the court notes that both parties have violated the protective

1    order in this action.  See Stipulated Protective Order, Dkt. 47 ("PO").

2        Plaintiff has violated the protective order by impermissibly disclosing documents defendant had designated as CONFIDENTIAL without following the requirements of the protective order before doing so.  The protective order provides that confidential materials may only be disclosed to the people specified in the order.  PO ¶ 7.1.  If a party is compelled to produce confidential materials in another litigation, the protective order spells out a process for doing so that includes notifying the designating party.  PO ¶ 8.  Plaintiff did not follow this procedure.  If a party makes an unauthorized disclosure of protected material, the protective order specifies a process that party must follow.  PO ¶ 10.  Plaintiff has not followed those procedures.

        When initially producing materials, defendant issued a blanket "CONFIDENTIAL" designation on every document it produced.  The protective order prohibits such "[m]ass, indiscriminate, or routinized designations".  PO ¶ 5.1.  After the issue was brought to its attention, defendant re-produced some documents without a confidentiality designation, thus remedying that error to some degree.

        The pending motions to retain confidentiality and to seal present the same question:  whether two documents defendant produced should retain their confidentiality designations and thus be filed under seal.

        The first document at issue is referred to as the CATSWeb Complaint Report, which is an internal complaint file related to plaintiff's adverse event.  See Dkt. 94-3, Ex. A, at ECF pp. 2–26.  Solta's complaint reports are generated through an internal procedure, and permissions to view these materials are limited even within the company as the records contain confidential health information.  The complaint file also reflects Solta's private internal processes.  It includes information like the Solta employees involved in investigations, product and plant evaluations, reportability assessments, and medical evaluations.  Solta's internal procedures are not public, and it argues that if disclosed it could harm Solta's standing in the marketplace by giving competitors insight into Solta's product complaint assessment and investigation practices.  Declaration of

1  Sundeep Jain, Dkt. 94-1 ("Jain Decl.") ¶¶ 4–6.

2  The second document at issue is referred to as Solta Taiwan's internal AE case report slides, which discuss Solta's internal strategy and response to the incident and plaintiff's press conference. See Dkt. 94-3, Ex. A, at ECF pp. 28–31. This document includes materials prepared by a small group of individuals at the company and describe Solta's internal strategy regarding media and publicity. The document contains information pertaining to Solta's internal process for investigating and assessing adverse events, protected health information, and information about Solta's internal strategy for complaint handling and media publicity. Jain Decl. ¶¶ 4–6.

These documents are presented with a motion that is only tangentially related to the merits of the case. The documents have been filed in relation to a motion following from plaintiff's violation of the protective order by sharing documents marked as confidential with an outside party. Plaintiff questioned the legitimacy of the confidentiality designations to defendant, and defendant thereafter filed a motion to reaffirm the confidentiality designations. Accordingly, good cause to seal needs to be shown. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

Under the good cause standard, the first question is whether "particularized harm will result from disclosure of information to the public." In re Roman Catholic Archbishop of Portland, 661 F.3d at 424 (quoting Phillips, 307 F.3d at 1211). These documents show ongoing business processes, procedures, and strategies by showing how Solta investigates and assesses potential product failures. Moreover, these documents concern products that remain in use in the market. Defendant provides some explanation that these materials are closely guarded even within Solta, they reveal internal processes, and that exposing them would give competitors insight into these processes. Accordingly, defendant has demonstrated that particularized harm will result from disclosure to the public.

5

1   As good cause has been shown, the second question requires the court to balance various factors.  Factor 1, whether disclosure will violate any privacy interests, supports sealing, as defendant's private business processes would be affected.  Factor 2, whether the information is being sought for a legitimate purpose or for an improper purpose, strongly supports sealing.  Plaintiff is seeking to make these materials public only after violating the protective order by impermissibly disseminating them.  There is no other legitimate reason offered for why she seeks to make the contents public.  This factor heavily weighs in favor of sealing the materials in relation to the present motions and maintaining their confidentiality designations for now.  The remaining factors are either neutral or favor disclosure.  Considering the factors, the court finds that given plaintiff's conduct in relation to these documents, factor two deserves particular weight and justifies sealing the materials and maintaining their confidentiality designations.

Accordingly, defendant's motion to retain confidentiality of the documents is GRANTED, the parties' accompanying sealing motions are GRANTED, and the materials filed under seal in support of the pending motions shall remain under seal.

**IT IS SO ORDERED.**

Dated:  April 11, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge