1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

13

HSIN LIN,

            Plaintiff,

    v.

SOLTA MEDICAL, INC.,

            Defendant.

Case No.  21-cv-05062-PJH

**DISCOVERY ORDER**

Re: Dkt. No. 106

14        Before the court is the parties' fifth joint discovery dispute letter.  Dkt. 106.  Having

15   read the parties' submissions and carefully considered their arguments and the relevant

16   legal authority, and good cause appearing, the court hereby rules as follows.

17        The parties present two issues.  First, they dispute the appropriate length and

18   scope of plaintiff's second deposition.  Second, they dispute whether defendant must

19   produce images that were part of otherwise-produced complaint files.

20   **A.        Second Deposition of Plaintiff**

21        Solta Medical, Inc. ("Solta") seeks four additional hours to depose plaintiff.  Plaintiff

22   has already sat for a 7.5-hour deposition.  Federal Rule of Civil Procedure 30(d)(1) limits

23   a deposition to 1 day of 7 hours absent agreement between the parties or a court order.

24   "The party seeking a court order to extend the examination, or otherwise alter the

25   limitations, is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30

26   advisory committee's note to 2000 amendment.

27        Solta argues that good cause exists for the extension for three reasons:  first,

28   defense counsel left the deposition open, and plaintiff's counsel agreed; second,

United States District Court
Northern District of California

1  plaintiff's counsel's extensive speaking objections consumed an undue amount of

2  deposition time; and third, the deposition required a translator, which when compounded

3  with plaintiff's counsel's lengthy speaking objections consumed an undue amount of

4  deposition time.  Plaintiff addressed only the first argument.

5      "The rule directs the court to allow additional time where consistent with

6  Rule 26(b)(2) if needed for a fair examination of the deponent.  In addition, if the

7  deponent or another person impedes or delays the examination, the court must authorize

8  extra time." Id.  "Parties considering extending the time for a deposition—and courts

9  asked to order an extension—might consider a variety of factors.  For example, if the

10 witness needs an interpreter, that may prolong the examination." Id.

11     Defendant's argument that the use of a translator—coupled with the fact that

12 plaintiff's first deposition occurred nearly a year ago—establishes good cause to extend

13 plaintiff's deposition an additional four hours, during which time defense counsel may

14 question plaintiff on any relevant topic.

15 **B.    Photographs of Other Patient Burn Injuries**

16     The parties dispute whether Solta must produce images of other patients that were

17 part of otherwise-produced complaint files.  As part of discovery, plaintiff timely requested

18 Solta's internal files concerning other people who complained about Solta's machine.

19 The court ordered production of these files, subject to some redaction of personal

20 identifying information of non-party patients.  Photographs are normally part of those

21 complaint files, and Solta failed to produce those photographs without notifying plaintiff.

22 Plaintiff learned about the existence of those photographs through depositions.

23     Solta first argues that the request is untimely.  Second, Solta has declined to

24 produce those photographs because they are protected patient information under the

25 Health Insurance Portability and Accountability Act ("HIPAA") and California law.

26     First, Solta's argument that the production request is untimely is unavailing.  The

27 request was timely; Solta simply failed to produce the responsive materials.  Solta cannot

28 escape its discovery obligations by silently withholding responsive materials.  Even if it

2

1    could, Solta must produce those materials pursuant to its ongoing obligation to

2    supplement or correct its responses upon learning that in some material respect the

3    disclosure or response is incomplete or incorrect.  See Fed R. Civ. P. 26(e).

4         Second, Solta's argument that it cannot produce these relevant materials because

5    of federal and California privacy laws is unavailing.  It is true that personally-identifying

6    materials are subject to various privacy laws, and that photographs of faces can in some

7    circumstances be considered personally-identifying materials.  But protected health

8    information can be shared and produced pursuant to certain exceptions, including court

9    proceedings.  For example, a party is permitted to disclose protected health information

10   under HIPAA "in the course of any judicial or administrative proceeding . . . [i]n response

11   to an order of a court or administrative tribunal".  45 C.F.R. § 164.512(e)(i).  It may also

12   do so "[i]n response to a subpoena, discovery request, or other lawful process, that is not

13   accompanied by an order of a court or administrative tribunal" if a "qualified protective

14   order" is in place binding the receiving party.  45 C.F.R. § 164.512(e)(ii)(B).  The

15   protective order must prohibit "using or disclosing the protected health information for any

16   purpose other than the litigation," and require "the return to the covered entity or

17   destruction of the protected health information (including all copies made) at the end of

18   the litigation or proceeding."  45 C.F.R. § 164.512(e)(v).

19        Here, the parties have stipulated to a protective order which protects the third

20   parties' medical records.  Stipulated Protective Order, Dkt. 47 ("PO").  The protective

21   order satisfies the requirements of HIPAA because it (1) prohibits the parties from using

22   or disclosing the protected health information for any purpose other than the litigation or

23   proceeding for which such information was requested (PO ¶ 7); and (2) requires the

24   return or destruction of the protected material at the conclusion of the litigation (PO ¶ 13).

25   See 45 C.F.R. § 164.512(e)(v).  Thus, the protective order is adequate under HIPAA to

26   protect third party information, and the materials may be produced subject to the

27   protective order's "CONFIDENTIAL" designation.  Courts routinely require such

28   production.  See, e.g., F.G. v. Coopersurgical, Inc., Case No. 24-cv-01261-JST, 2024 WL

United States District Court
Northern District of California

2274448, at *5 & n.4 (N.D. Cal. May 20, 2024) ("The production of such information shall be subject to a qualifying protective order."); Stallworth v. Brollini, Case No. 11-cv-04841-JSW-LB, 2013 WL 2156267, at *2 (N.D. Cal. May 17, 2013) ("The relevant rules allow production pursuant to a protective order."); Hutton v. City of Martinez, 219 F.R.D. 164, 167 (N.D. Cal. 2003) ("HIPAA does not preclude production of the medical records").

Similarly, the California Confidentiality of Medical Information Act ("CMIA") prohibits California health care providers from disclosing medical information, except as permitted by California law.  Cal. Civ. Code § 56.10.  CMIA does not preclude disclosure here, as it permits a health care provider to disclose medical information pursuant to "[a] court order" (Cal. Civ. Code § 56.10(b)(1)), "a subpoena", or "any provision authorizing discovery in a proceeding before a court" (Cal. Civ. Code § 56.10(b)(3)).

Accordingly, even though the photographs at issue may be the kind of identifying material that should be protected, given the importance of counsel's and perhaps experts' ability to compare injuries, the materials are relevant, and the protective order in this action permits Solta to produce them in compliance with the privacy statutes it identifies. Solta is therefore required to produce the requested photographs of third-party persons in its complaint files.

However, plaintiff and her counsel are strongly admonished that these CONFIDENTIAL materials must be handled in compliance with the terms of the governing protective order.  Given plaintiff's counsel's prior disclosure of information in violation of the protective order, any further violation will result in sanctions.

**IT IS SO ORDERED.**

Dated:  June 5, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge