UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN LIN,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLTA MEDICAL, INC.,<br><br>        Defendant. | Case No.  21-cv-05062-PJH<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 114, 128, 136, 137, 146, 149, 151 |

Before the court are the parties' administrative motions to file materials under seal and remove materials from the docket. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**DISCUSSION**

**A.   Legal Standard**

There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." A party seeking to seal materials submitted

with a motion that is "more than tangentially related to the merits of the case"—regardless of whether that motion is "technically 'dispositive'"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "That the records are connected to a Daubert motion does not, on its own, conclusively resolve the issue." In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). For example, the "compelling reasons" standard applies where the "judicial records at issue were filed 'in connection' with pending summary judgment motions." Id. at 1120 (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999)).

"Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a 'compelling reason' is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." Ctr. for Auto Safety, 809 F.3d at 1096–97 (internal quotation marks and citations omitted).

**B.   Analysis**

    **1.   Plaintiff's First Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkts. 114 & 128)**

Plaintiff filed an administrative motion to determine whether exhibits 1–4 of plaintiff's motion to exclude expert opinion testimony of Dr. Stewart Wang and exhibits 1–4 of plaintiff's motion to exclude expert opinion testimony of Frederick Bennett and Richard Malwitz should be sealed. Dkt. 114. Identifying eight exhibits in total, plaintiff stated that those exhibits may contain information marked "Confidential" by defendant pursuant to the stipulated protective order in the case. Defendant timely filed a responsive statement arguing that redactions are justified only with respect to certain

portions of the uncertified, rough draft deposition transcript of Frederick Bennett (found at Dkt. 114-8 & Dkt. 113-1, Ex. 4).

Solta argues that the court should apply the "good cause" standard with respect to Mr. Bennett's deposition transcript because it is attached as an exhibit to a nominally non-dispositive Daubert motion. But Solta explicitly relied on Mr. Bennett's deposition testimony in its summary judgment briefing. See Reply, Dkt. 147 at 12. Accordingly, the compelling reasons standard apples.

Solta seeks to seal portions of seven pages of Mr. Bennett's deposition transcript because those portions reveal "confidential internal information relating to Solta's product development plans and the development of nonreleased products and technologies". Dkt. 128 at 4. Upon review, those excerpts clearly reveal highly sensitive details concerning research and development activities ongoing at Solta that have not been made public and that pose a clear risk of harming Solta's competitive standing.

Accordingly, the motion to seal pages 47:13–50:12; 51:8–15; and 105:24–106:19 of Mr. Bennett's deposition transcript is GRANTED. Because defendant concedes that the remaining seven documents filed under seal should not be sealed, the court DENIES the motion with respect to those documents.

**2.  Plaintiff's Second Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkts. 136 & 146)**

Plaintiff filed an administrative motion to determine whether exhibits 10–19 and 23 to the declaration of Jeremy Pollack in support of plaintiff's opposition to Solta's motion for summary judgment and exhibit 6 to plaintiff's opposition to Solta's motion to exclude the opinions of Dr. Christine Lee should be sealed. Dkt. 136. Plaintiff stated that those exhibits may contain information marked "Confidential" by defendant pursuant to the stipulated protective order in the case. Defendant timely filed a responsive statement arguing that redactions are justified with respect to the entirety of four documents: exhibits 10, 17, 18, and 19 to the declaration of Jeremy Pollack in support of plaintiff's opposition to Solta's motion for summary judgment.

Solta argues that compelling reasons support its request to seal each of the documents because they contain confidential business information, including information relating to Solta's products and business processes, that if disclosed could harm Solta's competitive standing in the marketplace.

Upon review, exhibits 10, 17, and 18 are extracted portions of databases used by Solta to track complaints, product details, incident details, and details about Solta's internal investigations and processes surrounding reported adverse events.  These materials reveal a tremendous amount of detailed information concerning Solta's internal process—including the Solta employees involved—for investigating product complaints, including product and plant evaluations, reportability assessments, and medical evaluations.  The court finds that revealing such an indiscriminate trove of information describing private and protected internal procedures could foreseeably harm Solta's standing in the marketplace by giving competitors unfair insight into Solta's product complaint assessment and investigation practices.  Moreover, these materials also contain an enormous amount of information about third parties, including patients accessing medical services, and their actions and words that are irrelevant to this litigation and are independently deserving of privacy.  To the extent these documents are intended to be used as trial exhibits, the parties will be required to implement appropriate redactions.  Accordingly, the motion to seal exhibits 10, 17, and 18 is GRANTED.

However, exhibit 19—which Solta seeks to seal in its entirety—is a four-page internal email chain that Solta argues contains at most two paragraphs of sealable material.  The request is clearly not narrowly tailored.  Moreover, Solta fails to identify any compelling reason to seal even those paragraphs.  They reveal basic information about general trends in adverse burn events reported to the company.  Although Solta argues that the email contains non-public information, that does not constitute a compelling reason to seal.  Because the court cannot discern any business information that might harm Solta's competitive standing in exhibit 19, the motion to seal is DENIED with respect to it.

4

### 3. Plaintiff's Third Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkts. 149 & 151)

Plaintiff filed an administrative motion to determine whether exhibit 9 to the declaration of Jeremy Pollack in support of plaintiff's opposition to Solta's motion for summary judgment should be sealed. Dkt. 149. Plaintiff stated that the exhibit may contain information marked "Confidential" by defendant pursuant to the stipulated protective order in the case. Defendant timely filed a responsive statement arguing that certain redactions are justified. Dkt. 151.

The exhibit at issue is the deposition transcript of Sundeep Jain. Solta argues that certain excerpts contain confidential information pertaining to Solta's business processes, product investigations, and product development, the release of which could harm Solta's competitive standing.

Solta first seeks to seal pages 32:25–38:13. The excerpt begins with a general description of Solta's corporate structure and continues to describe a questionnaire sent following adverse events and photographs of such events. Although this excerpt contains non-public information, Solta has failed to explain how this particular excerpt reveals business information that might harm Solta's competitive standing. The motion to seal this excerpt is DENIED.

Solta next seeks to seal pages 39:18–54:20 and 62:2–15. These excerpts discuss Mr. Jain's conclusions from investigating a complaint. The passages Solta seeks to redact are lengthy and mostly discuss in general terms Solta's procedures for collecting and evaluating complaints. The discussions begin at a high level and explain that Solta collects information related to complaints and records it. Next, details from a particular complaint are discussed, which include excerpts taken from the publicly available Thermage CPT System Technical User Manual. To the extent the excerpts reveal detailed information about the complaint, those details simply mirror information that has already been publicly revealed by both parties in this litigation: e.g., that another device was used in addition to the Thermage, that anesthesia was used and is not

1  recommended, and that the patient suffered burns and blisters.  Solta does not explain
2  why there are compelling reasons to seal such information.  While the excerpt reveals
3  that Solta collects and records such information about complaints, that does not disclose
4  substantial information about Solta's more general internal processes that justify sealing
5  these excerpts.  Moreover, Solta has made no attempt to identify the most sensitive
6  excerpts with particularity (for example, Solta seeks to seal lengthy summaries of a user
7  manual), such that its request stands excessively overbroad.  Because Solta has failed to
8  explain how these excerpts reveal business information that might harm Solta's
9  competitive standing, the motion to seal these excerpts is DENIED.

10  Solta next seeks to seal pages 69:19–106:4 and 111:19–143:24.  The first excerpt
11  explains that Solta has a board whose function is to review quality-related topics for its
12  products, including complaints.  The first dozen pages or more that Solta seeks to seal
13  discuss only the most general topics and internal processes, none of which can
14  reasonably be deemed sensitive enough to establish a compelling reason to seal.  The
15  deposition then addresses certain error codes that Solta's devices display to users and
16  how they function, which as publicly displayed messages do not satisfy the compelling
17  reasons standard.  Solta seeks to seal these records because "this portion includes
18  quotations from a corrective action plan that details the company's approach to handling
19  adverse events internally, and quotations from notes from meetings where adverse
20  events were discussed."  Dkt. 151 at 5.  While the deposition does include quotes read
21  from documents discussing Solta's investigations, the general nature of those quotes and
22  the discussions surrounding them could not foreseeably harm Solta's standing in the
23  marketplace by giving competitors unfair insight.  The same reasoning applies to Solta's
24  request to seal pages 111:19–143:24.  To the extent the 70 pages Solta seeks to seal
25  include some short passages containing information that might meet the compelling
26  reasons standard, the court has been unable to locate them and Solta has made no
27  attempt to identify them with any particularity.  Accordingly, its request stands excessively
28  overbroad and the motion to seal these excerpts is DENIED.

Solta next seeks to seal pages 144:22–148:5. This excerpt reveals the unremarkable conclusion that Solta's investigations can be more definitive if the actual device (or data card therein) can be reviewed, and that Solta's investigations are necessarily limited if it cannot inspect the actual device or data extracted from it. Solta has made this argument repeatedly in its publicly filed briefs, and Solta does not explain why that information should be treated differently when reported by an employee. Accordingly, the motion to seal this excerpt is DENIED.

Solta next seeks to seal pages 149:16–154:23. While it does refer to a specific Solta document concerning its analysis of potential hazards of a device, this excerpt contains only a general discussion of the document, and the information revealed is unremarkable on this court's review. Solta has failed to explain how this particular excerpt reveals business information that might harm Solta's competitive standing, and the motion to seal this excerpt is accordingly DENIED.

**4.     Plaintiff's Motion to Remove an Incorrectly Filed Document (Dkt. 137)**

Plaintiff filed a motion to remove the publicly filed exhibit 9 to the declaration of Jeremy Pollack in support of plaintiff's opposition to Solta's motion for summary judgment (Dkt. 131-1, Ex. 9), which plaintiff argues was incorrectly filed on the public docket. See Dkt. 137. Plaintiff has since filed a public version of the declaration at issue at docket number 138 and a sealed version of exhibit 9 accompanying her administrative motion to seal at docket number 149. Accordingly, plaintiff's motion to remove Dkt. 131-1 from the docket is GRANTED.

**CONCLUSION**

For the foregoing reasons, the parties' first motion to seal (Dkts. 114 & 128) is GRANTED IN PART AND DENIED IN PART; the parties' second motion to seal (Dkts. 136 & 146) is GRANTED IN PART AND DENIED IN PART; the parties' third motion to seal (Dkts. 149 & 151) is DENIED; and plaintiff's motion to remove docket entry 131-1 from the docket (Dkt. 137) is GRANTED.

Specifically, the first motion to seal is GRANTED as to pages 47:13–50:12, 51:8-

15, and 105:24–106:19 of Mr. Bennett's deposition transcript.  The motion is DENIED as to the other materials.

The second motion to seal is GRANTED as to exhibits 10, 17, and 18, and DENIED as to exhibit 19.

The third motion to seal is DENIED in full.

The parties are directed to file public versions of the materials addressed above, consistent with this order, no later than February 1, 2025.

The CLERK OF COURT IS DIRECTED to remove Dkt. 131-1 from the docket.

**IT IS SO ORDERED.**

Dated:  January 14, 2025

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge